a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHUA DEWAYNE CORDIER, Plaintiff | CIVIL ACTION NO. 1:18-CV-1594-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN JOHNSON, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Joshua Dewayne Cordier ("Cordier") (#55271-177) under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Cordier is currently incarcerated at the Dallas County Jail. However, at the time of filing, he was in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Cordier alleges that Defendants failed to protect him from being attacked by a gang member.

Because a Bivens claim cannot be brought against a building, a federal agency, or an employee in his official capacity, Cordier's claims against the BOP, USP-P, and Officers Hodges and Kindsey in their official capacities should be DISMISSED WITH PREJUDICE. Additionally, because Cordier fails to state a claim against Warden Johnson, Cordier's claims against him should be DISMISSED WITH PREJUDICE.

I. Background

Cordier alleges that he was assigned to a cell with a gang affiliate. Cordier claims that he tried to refuse the placement, requested to be placed in another cell,

and requested placement in the Segregated Housing Unit ("SHU"), but his requests were denied. (Doc. 11, p. 3). Cordier was assaulted by his cellmate and allegedly suffered serious injuries requiring outside emergency medical treatment. (Doc. 11, p. 3).

II. Law and Analysis

    A. Cordier's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Cordier is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 14). As a prisoner seeking redress from an officer or employee of a governmental entity, Cordier's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Cordier's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. **Cordier fails to state a claim against the BOP, USP-P, or Defendants in their official capacities.**

In Bivens, the Supreme Court recognized an individual's right to seek recovery for the violation of constitutional rights by a person acting under color of federal law. Bivens, 403 U.S. at 297. Bivens is the counterpart to 42 U.S.C. § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. See Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A Bivens action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."), overruled on other grounds, Castellano v. Fragozo, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

Bivens does not provide for a cause of action against the United States or a federal agency, such as the BOP. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Moore v. United States Dep't of Agric., 55 F.3d 991, 995 (5th Cir. 1995). Additionally, a claim against a federal employee in his official capacity based on an alleged constitutional violation is also barred under Bivens, because it is equivalent to a claim against the federal agency itself. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985).

Federal Rule of Civil Procedure 17(b) provides that the capacity to sue or be sued shall be determined by the law of the state in which the district court is located. Thus, Louisiana law governs whether the USP-P is an entity that has the capacity to be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to

3

which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Prisons are not "persons" subject to liability. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

Because a Bivens claim cannot be brought against a building, a federal agency, or an employee in his official capacity, Cordier's claims against the BOP, USP-P, and Defendants Hodges and Kindsey in their official capacities should be DISMISSED WITH PREJUDICE.

### C. Cordier does not allege the violation of a constitutional right by Warden Johnson.

A Bivens action must be premised upon the personal involvement of the named defendants. See FDIC v. Meyer, 510 U.S. 471, 485 (1994); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Bustos v. Martini Club Inc., 599 F.3d 458, 468 (5th Cir. 2010). Under Bivens, an individual cannot be held liable under a theory of respondeat superior. Instead, a supervisory federal employee or official may be held liable only where he has personal involvement in the acts that caused the deprivation of a constitutional right or if he implements or enforces a policy that causally results in a deprivation of a constitutional right. See id. Cordier does not allege that Warden Johnson had any involvement in the assault or Cordier's cell assignment, or that Warden Johnson implemented a policy that resulted in Cordier's injuries.

### III. Conclusion

Because a Bivens claim cannot be brought against a building, a federal agency, or an employee in his official capacity, IT IS RECOMMENDED that Cordier's claims against the BOP, USP-P, and Defendants Hodges and Kindsey in their official

capacities be DENIED and DISMISSED WITH PREJUDICE. Because he fails to state a claim against Warden Johnson, IT IS FURTHER RECOMMENDED that Cordier's Bivens claim against him be DENIED and DISMISSED WITH PREJUDICE. Cordier's Bivens claims against Officers Hodges and Kindsey in their individual capacities will be served pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __18th__ day of March, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge